UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YEMELYAN SHIPKEVICH,   **MEMORANDUM AND ORDER**
 08-CV-1008 (FB) (JMA)

        Plaintiff,

   -against-

STATEN ISLAND UNIVERSITY HOSPITAL
and ARAMARK, INC.,

        Defendants.
-------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*      *For Defendant Staten Island University*
ANDREA M. PAPARELLA      *Hospital:*
LIDDLE & ROBINSON, L.L.P.      CARRIE CORCORAN, ESQ.
800 Third Avenue      EPSTEIN BECKER & GREEN, P.C.
New York, NY 10022      250 Park Avenue
     New York, NY 10177-1211

**BLOCK, Senior District Judge:**

Plaintiff Yemelyan Shipkevich appeals from the discovery order of Magistrate Judge Joan Azrack denying his request for leave to file a belated motion to compel additional electronic document discovery. Plaintiff also objects to the magistrate judge's *sua sponte* grant of a protective order denying two additional depositions, and the denial of plaintiff's request to re-open a deposition. For the reasons given below, the Court affirms Magistrate Judge Azrack's discovery order in full.

I

A discovery ruling by a magistrate judge is a non-dispositive matter, and as such the Court will only set aside an order "that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900

F.2d 522, 525 (2d Cir. 1990). This is a highly deferential standard. Magistrate judges have broad discretion in resolving discovery matters, and a party seeking to overturn a discovery order "generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010).

Plaintiff first objects to Magistrate Judge Azrack's denial of his request for leave to file a belated motion to compel additional electronic discovery. Plaintiff advised the magistrate judge that defendant Staten Island University Hospital's ("SIUH") initial production of electronic documents was inadequate, and sought leave to file a motion to compel an additional search of the electronic files of 34 custodians. Magistrate Judge Azrack found that plaintiff's concerns about SIUH's search for electronic documents were "untimely" and "should have been raised years ago." (Dk. 77). The magistrate judge likewise held that "given plaintiff's position and the circumstances of his termination, it is very unlikely that any additional relevant documents will be uncovered." *Id.*

The Court finds no error in the magistrate judge's decision regarding the motion to compel. After having received electronic documents as a part of SIUH's response to plaintiff's First Request for Production of Documents, plaintiff waited more than a year before raising the alleged electronic discovery deficiencies with SIUH. Notably, this occurred seven months after Magistrate Judge Azrack's extended deadline for making additional discovery requests in light of plaintiff's retention of new counsel. During this period plaintiff served SIUH with a Second Request for Production of Documents but did not seek additional electronic discovery. Plaintiff has not explained or justified this delay, nor has he addressed

2

why he believes these supplemental searches will yield additional relevant documents. The Court thus finds no basis upon which to conclude Magistrate Judge Azrack's decision to deny plaintiff's request for leave to file a belated motion to compel was erroneous or contrary to law. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) ("[T]he court must limit the [] extent of discovery [] if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

Plaintiff also takes issue with Magistrate Judge Azrack's grant of a protective order denying the depositions of two SIUH information technology officers. Plaintiff noticed the depositions the same day the parties were heard by Magistrate Judge Azrack on this matter in an attempt to conduct additional discovery into the alleged deficiencies in SIUH's electronic document production. Because the magistrate judge's grant of the protective order was made in light of her prior ruling on the electronic discovery issue, addressed above, the Court likewise affirms Magistrate Judge Azrack's issuance of the protective order on the same grounds.

Finally, plaintiff objects to the magistrate judge's denial of his request to re-open the deposition of Karen Lefkovic. Plaintiff requested additional time to depose Ms. Lefkovic on the roles of Margaret DiAlto and Elizabeth Dore in the decision to terminate him. However, Ms. Lefkovic has already provided deposition testimony on these topics—testifying that she did not remember speaking with Ms. DiAlto about the plaintiff, and that she did not recall the specifics of any discussions with Ms. Dore. Pl's Mem. of Law Ex. HH at 131, 185, 189. Plaintiff does not address why further questioning of Ms. Lefkovic should nonetheless

be permitted.  Furthermore, plaintiff has had the opportunity to explore the issue of Ms. DiAlto's role in his termination with Ms. DiAlto herself, as she was deposed at length during the discovery period.  The magistrate judge's decision to deny the request to re-open Ms. Lefkovic's deposition was not "clearly erroneous."  *See* Fed. R. Civ. P. 30(d)(1) (A court "must allow additional [deposition] time [] if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

## II

For the above stated reasons, Magistrate Judge Azrack's discovery order is affirmed in whole.  The parties are directed to file a letter with the Court no later than October 12, 2012 advising it as to whether fact discovery is now complete and this case may be scheduled for trial.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 25, 2012